UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY DELANE BENSON,

    Plaintiff,

v.    Case No. 16-C-1589

NANCY BOWENS,
DANIELLE FOSTER,
THERESA MURPHY,
MR. J. ZANON,
JUDY P. SMITH,
DR. P. MURPHY,
CAPTAIN TESS, and
MS. J. BARKER,

    Defendants.

## ORDER

The *pro se* plaintiff, Jeffrey Delane Benson, filed this lawsuit under 42 U.S.C. § 1983, alleging that the defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment and that some defendants were negligent in violation of Wisconsin state law. Benson asserts that the defendants delayed treating his foot pain caused by diabetes. Specifically, Benson argues the defendants failed to follow outside specialists' recommendations that Benson receive a pair of customized shoes and orthotics to decrease his foot pain. He claims that the defendants' delay in ordering this footwear resulted in ongoing pain. Before the court is Benson's motion for a preliminary injunction ordering the defendants to follow the orders from the specialists, to stop putting his medical issues on hold, and to give him medication

to help with his pain and discomfort. (ECF No. 1 at 14.) For the reasons explained below, the court will deny Benson's motion.

To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *see also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

In response to Benson's motion, the defendants provided a declaration detailing the medical care Benson has received relating to his diabetes and foot pain. (ECF No. 22.) The declaration of Danielle Foster, the Oshkosh Correctional Institution's (OSCI) health services manager, indicates that Benson is on a diabetes treatment plan consisting of annual diabetic foot examinations, regular follow-up appointments to monitor his diabetes, and any additional appointments he requests. (*Id.*, ¶ 5.) In June 2014, Dr. Jill Migon, a podiatrist at the University of Wisconsin podiatry clinic, diagnosed Benson with with diabetes mellitus with neuropathy and pes planus with foot pain. She recommended Benson wear "extra-depth diabetic type" shoes and customized orthotics. (*Id.*, ¶ 10.) Benson received bilateral custom orthotic inserts for his state-issued shoes from Aljan Company in December 2014. (*Id.*, ¶ 13.) Along with his state-issued shoes, Benson owned two pairs of personal shoes. (*Id.*, ¶ 12.) Benson requested alternative state footwear, but a special needs committee at OSCI denied his request in March 2015. (*Id.*, ¶ 14.)

Benson received a new pair of state-issued shoes in May 2015 and a pair of state-issued boots in November 2015. (*Id.*, ¶ 15.) On January 19, 2016, Benson was sent to Aljan to modify his

2

inserts to fit his state-issued boots. (*Id.*, ¶ 16.) Benson returned to Aljan on May 24, 2016 to ensure his orthotics fit in his shoes. (*Id.*, ¶ 17.) On May 31, 2016, a special needs committee approved Benson's request for alternative footwear. (*Id.*, ¶ 19.)

However, his alternative footwear was not actually ordered following the special needs committee's approval. (*Id.*, ¶ 20.) The defendants first discovered this error in preparing their response to Benson's motion for a preliminary injunction. On March 2, 2017, Foster talked with Benson about his shoe needs and explained that OSCI's failure to order his shoes was related to the retirement of the officer responsible for ordering inmate shoes. (*Id.*, ¶¶ 21–22.) Foster and Benson agreed he should receive 12.5 Propet shoes, and Foster sent an order for the shoes the same day. (*Id.*, ¶ 23.) Benson's shoes have now been ordered by OSCI. Accordingly, Benson's motion is denied as moot.

Even if the issue was not moot, Benson's motion would be denied because he has failed to demonstrate a likelihood of success on the merits. This case raises the question of whether failing to provide orthopaedic footwear constitutes cruel and unusual punishment. In other words, does the defendants' failure to timely order alternative footwear for Benson rise to the level of creating the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment? *See Duckworth v. Ahmad*, 532 F.3d 675, 678–79 (7th Cir. 2008). Based upon the record before me, it appears the defendants have made efforts to accommodate Benson's medical needs by providing him multiple pairs of state-issued shoes and boots as well as sending him to foot specialists to receive treatment and orthotics. These previous efforts show the absence of any deliberate indifference by the defendants. Instead, the circumstances of this case demonstrate at most negligence that has

caused him some discomfort. For these reasons, Benson's motion for a preliminary injunction is denied.

**IT IS THEREFORE ORDERED** that Benson's motion for a preliminary injunction (ECF No. 1) is **DENIED** as moot.

**SO ORDERED** this   6th   day of March, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
